IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK J. GARNER, JR.,

      Petitioner,

      v.                                     CASE NO.  21-3138-JWL

UNITED STATES OF AMERICA,[1]

      Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  This case was transferred to this Court from the Western District of Missouri because Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas ("USPL").  Petitioner challenges his consideration for pre-release placement in a Residential Reentry Center ("RRC").  Petitioner alleges that the Bureau of Prisons ("BOP") violated the Second Chance Act of 2007 by denying his request for a twelve-month placement in an RRC.

I.  Facts

Petitioner is currently serving a sixty-month sentence with a projected release date of November 4, 2022.  *See* Doc. 7–1, Declaration of John Brantley ("Brantley decl."), ¶ 4, Ex. A, Petitioner's Public Information Inmate Data.

On May 21, 2021, Petitioner filed the instant § 2241 Petition in the Western District of Missouri and the case was subsequently transferred to this Court on June 2, 2021.  Although Petitioner does not set forth a specific request for relief, he references consideration for pre-

---

[1]  The proper Respondent in this case is the Warden of USP-Leavenworth.

release placement in an RRC under the Second Chance Act of 2007 ("SCA")[2] and presumably is seeking the maximum twelve-month placement.  Petitioner merely alleges that the BOP "must approach every individual inmate's assessment with the understanding that Garner, Jr., is now eligible for a maximum of 12 months pre-release RRC placement" and that policy statements reflecting "any other possible maximum time frame must be ignored."  (Doc. 1, at 3.)

While housed at USPL, Petitioner was reviewed for RRC placement under the provisions of the SCA during a Program Review conducted in June 2021. *See* Doc. 7–2, Declaration of L. Cintron ("Cintron decl."), ¶¶ 6–8; Exhibit A, June 2021 Progress Report.  Based on his June 2021 review, Petitioner was recommended for approximately 151–180 days of pre-release RRC placement.  *Id.*  He was reviewed under the five factors of the SCA, which are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the inmate; (4) any statement by the sentencing court; and (5) pertinent policy issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28.  *Id.*; *see* 18 U.S.C. § 3621(b)(1)–(5); 18 U.S.C. § 3624(c)(6)(A).

Both parties acknowledge that Petitioner did not fully exhaust his administrative remedies or appeals regarding the issues raised in his Petition through the BOP's Administrative Remedy Program.  *See* Brantley decl., ¶ 11, Ex. C; Doc. 1, at 4–8; Doc. 8, at 3.

## II.  Discussion

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather

---

[2]  Section 3624(c)(1) provides that: "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility."  18 U.S.C. § 3624(c)(1).

than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). A proper § 2241 petition challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *Id.* at 812 (quotations omitted). The Tenth Circuit has held that "[a]lthough transfer to community confinement affects the conditions of confinement—not its duration—we have recognized that petitions seeking review of whether BOP staff followed the law in evaluating an inmate for community confinement may be brought in a § 2241 habeas petition." *Jones v. English*, 817 F. App'x 580, 583 (10th Cir. 2020) (unpublished) (citing *Wedelstedt v. Wiley*, 477 F.3d 1160, 1168–69 (10th Cir. 2007) (affirming grant of habeas relief under § 2241 requiring staff to consider factors in 18 U.S.C. 3621(b) to evaluate transfer to community confinement)).

Federal prisoners proceeding under § 2241 must exhaust their available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted). The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is hauled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. *See also* Program Statement 1330.18, *Administrative Remedy Program*. The program is designed to address a federal inmate's concerns regarding any aspect of his or her confinement. The policy affords federal inmates the opportunity to voice their grievances and provides staff an opportunity to resolve issues in-house prior to an inmate seeking relief through the judicial

system.

The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels.  Generally, an inmate has not exhausted his remedies until he has sought review and received a substantive response at all three levels.

Petitioner does not dispute that he has failed to fully exhaust his administrative remedies. He argues that he should be excused from the exhaustion requirement because pursuing administrative remedies would be futile due to the BOP's policy of rejecting this type of claim. (Doc. 1, at 4.)  Petitioner's futility argument is based on statements made in 2008 by then-BOP Director Harley Lappin not to expect any mass movement to halfway houses, suggesting that any time in an RRC beyond six months is not productive, and claiming it was cheaper to house an inmate in a low security prison than to place him in an RRC.  (Doc. 8, at 7.)

Petitioner also argues that the Court should exercise "sound judicial discretion" to waive the exhaustion requirement.  (Doc. 1, at 6.)  Petitioner argues that the delay caused by exhaustion would deprive him of the opportunity to receive a full twelve-month placement in an RRC.  *Id*. at 8.

"A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."  *Garza*, 596 F.3d at 1203.  Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review."  *Lanni v. Hollingsworth*, No. 11-3066-RDR, 2012 WL 523744, at *3 (D. Kan. Feb. 16, 2012) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

In *Garza*, the Tenth Circuit rejected a similar argument regarding futility, finding that the BOP did not have a policy of rejecting claims similar to Petitioner's.  *Garza*, 596 F.3d at 1204.

The Tenth Circuit agreed with previous panels and the district court in finding that "the BOP memoranda support the opposite conclusion . . . They indicate that 'BOP recognizes its authority to place inmates in RRCs and/or CCCs for periods of time exceeding six months' and do not reflect any policy of categorical denial." *Id*. (citations omitted); *see also Salters v. Hudson*, Case No. 20-3100-JWL, 2020 WL 3960427, at *3 (D. Kan. July 13, 2020) (rejecting futility argument where petitioner relied on public statements made by a former head of the BOP twelve years ago to support his futility argument). The Tenth Circuit further held that to the extent petitioner was arguing that prison staff were categorically denying prisoner transfer requests, "the higher administrative review levels available (regional and national appeals) demonstrate that exhaustion is not futile." *Garza*, 596 F.3d at 1204.

Likewise, similar arguments regarding the timing of administrative review have been rejected. In *Salters v. Hudson*, this Court rejected petitioner's argument that exhaustion should be excused because it would take too long and cause irreparable harm. *Salters*, 2020 WL 3960427, at *3. The Court noted that a similar argument was rejected in *Gaines v. Samuels*, where petitioner argued that requiring full exhaustion would deprive him of time in an RRC. *Id*. (citing *Gaines v. Samuels*, No. 13-3019-RDR, 2013 WL 591383, at *2 (D. Kan. Feb. 14, 2013) (finding no extraordinary circumstance to warrant waiver of exhaustion requirement); *see also McIntosh v. English*, No. 17-3011-JWL, 2017 WL 2118352 (D. Kan. May 16, 2017)). The Court noted in *Gaines* that "[t]he Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies." *Id*. (citing *Gaines*, 2013 WL 591383, at *2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 – 95 (1973))); *see also Koger v. Maye*, No. 13–3007–RDR, 2013 WL 591040, at *2–3 (D. Kan. Feb. 14, 2013) (rejecting a similar argument and finding that "exhaustion of administrative remedies is not rendered futile

simply because a prisoner anticipates he will not obtain relief on administrative appeal before the final year of his sentence . . . [t]he twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum.").

## III.  Conclusion

Petitioner has not met his burden of demonstrating the futility of administrative review or any extraordinary circumstances that would excuse the exhaustion requirement.  Consequently, the Petition must be dismissed for failure to exhaust.[3]

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition for habeas corpus is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

**Dated August 30, 2021, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[3]  The Court notes that in *Koger*, 2013 WL 591040, at *3, the Court found that despite the failure to exhaust, petitioner also failed to state a claim for relief where he alleged no facts to show that proper consideration of the requisite statutory provisions was not provided in determining his RRC placement.  The Court concluded that petitioner failed to allege facts or provide exhibits showing that his SCA Consideration was without consideration of the requisite statutory factors or otherwise a violation of federal or constitutional law.  However, the Tenth Circuit in *Garza* noted that the Court need not opine on the validity of petitioner's claims on their merits.  *Garza*, 596 F.3d 1198, 1204.